```
            IN THE UNITED STATES DISTRICT COURT
                WESTERN DISTRICT OF ARKANSAS
                      HARRISON DIVISION
```

**KEVIN MANES**                                                      PLAINTIFF

       v.            Civil No. 10-3045

**ROB NEWMAN**                                                       DEFENDANT

## O R D E R

Now on this 22nd day of June, 2010, comes on for consideration defendant's **Motion To Substitute The United States For The Individual Named Defendant, Rob Newman And To Dismiss Complaint** (document #4), to which plaintiff has made no response, and the Court, being well and sufficiently advised, finds and orders as follows:

    1.   In this removed case, plaintiff Kevin Manes ("Manes") alleges that defendant Rob Newman ("Newman") killed his dog. While the one-page *pro se* Complaint does not specifically state that Newman is a Park Ranger, or indicate the capacity in which he is sued, the Notice Of Removal alleges that Newman is a Park Ranger with the United States Department of the Interior, and the Complaint contains the notation "Buffalo Point Park Service" under Newman's name.

    2.   The United States, on behalf of Newman, now moves for dismissal of Manes' claim against Newman in his individual capacity; substitution of the United States as defendant; and dismissal of Manes' claim against the United States.

3.   The first request, dismissal of Manes' claim against Newman in his individual capacity, is based on the contention that Manes is a federal employee, and that any claim for damages arising out of his employment must be brought pursuant to the Federal Tort Claims Act ("FTCA").

As explained in **Lawson v. U.S.**, **103 F.3d 59 (8th Cir. 1996)**,

> [t]o substitute the United States as the named defendant pursuant to the [FTCA], the Attorney General must certify that the named individual defendants were acting within the scope of their employment with regard to the conduct forming the basis of the lawsuit. The plaintiff is free to challenge this certification, but bears the burden of coming forward with specific facts rebutting the certification.

**103 F.3d at 60** (internal citations omitted).

The United States offers a Certificate of Scope of Employment signed by the United States Attorney for the Western District of Arkansas, to the effect that Newman was acting within the scope of his duties as an employee of the National Park Service at the time of the allegations in the Complaint.

Manes offers nothing to challenge this Certification, and the Court finds it sufficient.  The Court will, therefore dismiss Newman as a defendant with prejudice, and substitute the United States in his place.

4.   The United States next argues that the Complaint should be dismissed as against it because Manes has failed to perfect service of process.  This motion is premature, because the

Complaint was filed on April 20, 2010, and Manes has 120 days from that date to perfect service.  That date has not yet arrived.

5.  The United States also contends for dismissal for failure to exhaust administrative remedies.  A claim such as Manes' -- for loss of property caused by the alleged wrongful act of a government employee acting in the scope of his employment -- cannot be instituted "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing. . . ."  **28 U.S.C. § 2675.**

This process, known as "exhaustion" or "presentment," is a jurisdictional prerequisite to suit.  **Porter v. Fox, 99 F.3d 271, 274 (8th Cir. 1996).**  Unless Manes has exhausted his administrative remedies, this Court cannot act on his claim, other than to dismiss it.

The United States offers the Declaration of Sharon L. Brenna, an attorney in the U.S. Department of the Interior Solicitor's Office, Rocky Mountain Region, to the effect that no administrative claim relating to the subject matter of Manes' Complaint has been received by the National Park Service.

Manes offers nothing to contradict this Declaration, and the Court concludes that he has failed to exhaust his administrative remedies.  For this reason, the United States' motion to dismiss has merit, and Manes' claim against the United States will be

dismissed, albeit without prejudice to refiling should Manes timely exhaust his administrative remedies.

**IT IS THEREFORE ORDERED** that defendant's **Motion To Substitute The United States For The Individual Named Defendant, Rob Newman And To Dismiss Complaint** (document #4) is **granted.**

**IT IS FURTHER ORDERED** that the United States of America is substituted for Rob Newman as defendant in this case, and plaintiff's claim against Rob Newman is **dismissed with prejudice.**

**IT IS FURTHER ORDERED** that plaintiff's claim against the United States is **dismissed without prejudice.**

**IT IS SO ORDERED.**

                                        **/s/ Jimm Larry Hendren**
                                        **JIMM LARRY HENDREN**
                                        **UNITED STATES DISTRICT JUDGE**